Christopher M. McDermott (SBN 253411)
cmcdermott@aldridgepite.com
Eddie R. Jimenez (SBN 231239)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
U.S. Bank National Association, not in its
individual capacity but solely as trustee for
the RMAC Trust, Series 2016-CTT

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>PAUL SOARES,<br><br>Debtor. | Case No. 19-52440-SLJ<br><br>Chapter 11<br><br>**STIPULATION RE: TREATMENT OF CLAIM IN DEBTOR'S CHAPTER 11 PLAN** |

This Stipulation Re: Treatment of Claim in Debtor's Chapter 11 Plan ("Stipulation") is entered into by and between U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank") by and through its attorneys of record, and Debtor, Paul Soares (the "Debtor"), by and through his attorney of record (collectively, the "Parties").

## I. STATEMENT OF FACTS

**A. LOAN HISTORY**

On or about June 27, 2007, Debtor obtained a mortgage loan (the "Loan" or "Claim") from Triton Commercial Capital, Inc. ("Lender") in the original principal amount of $1,400,000.00, which was reflected in a promissory note secured by a deed of trust (the "Deed of Trust") encumbering the Property. Subsequently, all interest in the Loan was transferred to U.S. Bank.

**B.     THE BANKRUPTCY CASE**

On December 4, 2019, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of California – San Jose Division, which was assigned case No. 19-52440-SLJ.

On April 6, 2020, U.S. Bank filed a Proof of Claim against Debtor's bankruptcy estate reflecting a secured claim in the amount of $2,152,076.21 with pre-petition arrears in the amount of $179,674.21. (*See* Claims Register, Claim No. 5-1).

On January 14, 2020, the Court entered an Order Approving Stipulation Authorizing the Use of Cash Collateral, which, amongst other things, requires Debtor to tender monthly adequate protection payments in the amount of $3,240.25 to U.S. Bank for the Debtor's use of cash collateral generated by the Property.

On January 25, 2021, Debtor filed his Combined Plan of Reorganization and Disclosure Statement Dated January 19, 2021 (the "Plan" or "Disclosure Statement").

**THE PARTIES HEREBY AGREE AND STIPULATE AS FOLLOWS:**

1. Debtor's Plan shall not alter or modify the legal, equitable, and/or contractual rights under the Loan. U.S. Bank's Claim shall be impaired pursuant to 11 U.S.C. §1124 solely to the extent that Debtor shall cure the contractual arrears as set forth herein.

2. Pre-Confirmation Adequate Protection Payments. Debtor shall tender regular monthly contractual payments to U.S. Bank on the first day of each month commencing March 1, 2021, and continuing on the 1st day of each month thereafter until all amounts due under the Claim are paid in full. The amount of the current contractual monthly payment is $5,592.52, consisting of $3,240.25 for principal and interest and $2,352.27 for escrow. The Debtor understands this payment amount is subject to change pursuant to the terms of the Loan.

3. Ongoing Contractual Payments in Plan. Debtor shall tender regular monthly contractual payments to U.S. Bank on the first day of each month commencing on the first day of the first month following entry of the order confirming Debtor's Plan and continuing on the first day of each month thereafter until the Claim is paid in full. Debtor must confirm his Plan no later than May 6, 2021. The amount of the current contractual monthly payment is $5,592.52, consisting

of $3,240.25 for principal and interest and $2,352.27 for escrow. The Debtor understands this payment amount is subject to change pursuant to the terms of the Loan.

4. <u>Cure of Contractual Arrears in Plan</u>. Debtor shall cure the total contractual arrears owing on the Claim through February 2021 in the amount of $206,754.94 (the "<u>Arrears</u>") by tendering a down payment in the amount of $5,000.00 and making equal monthly installments over 59 months with a balloon payment due and owing in month sixty (60) for the remaining amount owing on the Arrears. Within fourteen (14) days of entry of an order confirming Debtor's Plan, Debtor shall tender a down payment in the amount of $5,000.00 to be applied to the Arrears. Additionally, Debtor shall tender arrearage payments in the amount of $1,681.00 per month commencing on the first day of the first month following entry of the order confirming Debtor's Plan and continuing on the first day of each month thereafter for a period of fifty nine (59) months. On the first day of the sixtieth (60) month following entry of the order confirming Debtor's Plan Debtor shall tender a balloon payment in the amount of $102,575.94 to pay the outstanding amount of the Arrears. Debtor must confirm his Plan and commence payments on the Arrears no later than May 6, 2021.

5. If the Debtor seeks to sell or refinance the Property any time prior to curing the contractual arrears as set forth herein, all outstanding contractual arrears must likewise be paid in full at the time of any such sale and/or refinancing.

6. If Debtor misses any regular contractual payments after March 1, 2021, as required herein, said missed payment shall not be subject to paragraph 4, but instead shall be considered a default under this Stipulation and subject to any and all penalties, interest or other fees and charges as required under the Loan.

7. Debtor understands confirmation of Debtor's Plan shall not constitute a reinstatement of the Loan as of the Effective Date, and the Loan may reflect a contractual default while the arrearage payments are made hereunder.

8. In the event U.S. Bank has previously recorded a Notice of Default or Notice of Sale pursuant to applicable state law based on a default under the Loan, these documents shall remain in full force and effect in the event the Debtor defaults under the Stipulation and until

Debtor cures the outstanding arrears as set forth herein.

9. <u>Escrow</u>. The Loan shall remain escrowed for real property taxes and hazard insurance as permitted by the Note and Deed of Trust.

10. Except as otherwise expressly provided herein, all remaining terms of the Loan, which are incorporated herein by this reference, shall govern the treatment of U.S. Bank's Claim.

11. In the event of any future default on any of the above-described provisions, <u>prior to confirmation</u> of the Debtor's Chapter 11 Plan, U.S. Bank shall provide written notice via first class mail to Debtor and Debtor's attorney, indicating the nature of default. The written notice shall provide the Debtor with an opportunity to cure the default within thirty (30) calendar days from the date said written notice is placed in the mail (the "<u>Cure Period</u>"). If Debtor fails to cure the default amount and all subsequent payments due prior to the expiration of the Cure Period, then the Automatic Stay shall terminate and U.S. Bank may proceed to foreclose its security interest in the Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Property without further notice, order, or proceeding of this Court. Further, at U.S. Bank's discretion, it shall be entitled to upload a declaration of default and Order Granting Prospective Relief From Stay providing that the Order granting relief shall be binding in any other bankruptcy case purporting to effect the Property for two (2) years after the date of the entry of such order.

12. The automatic stay of 11 U.S.C. § 362 shall terminate upon confirmation of the Plan. In the event of a post-confirmation default under this Stipulation, U.S. Bank shall be permitted to proceed with its rights against the Property in accordance with applicable state law and the terms of the Note and Deed of Trust. Provision 11 of this Stipulation shall not be applicable to a post-confirmation default. Further, at U.S. Bank's discretion, it shall be entitled to upload a declaration of default and Order Granting Prospective Relief From Stay providing that the Order granting relief shall be binding in any other bankruptcy case purporting to effect the Property for two (2) years after the date of the entry of such order.

13. The acceptance by U.S. Bank of a late or partial payment shall not act as a waiver of U.S. Bank's rights to proceed hereunder.

14. Debtor's order confirming the Plan shall incorporate this Stipulation into the Plan by attaching a copy of this Stipulation thereto. Failure to adhere to this obligation constitutes a default under this Stipulation subject to the default notice of provision 11. The terms of this Stipulation cannot be modified without the express written consent of both the Debtor and U.S. Bank. In the event of a discrepancy between this Stipulation and any subsequent plan or order, this stipulation shall control. S

15. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan, receipt of a discharge, and entry of a final decree, the automatic stay shall terminate and the terms of this Stipulation shall be null and void.

16. Upon entry of an order confirming the Plan, Debtor shall have thirty (30) days to file an objection to the Arrears set forth in the Stipulation in the event Debtor has a dispute with the same.

17 In exchange for the foregoing, upon entry of an order approving this Stipulation, U.S. Bank shall vote in favor of Debtor's Plan.

**IT IS SO STIPULATED:**

                                                        **THE FULLER LAW FIRM**

Dated: March 3, 2021                           */s/ Lars T. Fuller*_____
                                                      Lars T. Fuller
                                                        Attorney for Debtor

                                                      **ALDRIDGE | PITE, LLP**

Dated: March 3, 2021                           */s/ Christopher M. McDermott*
                                                       Christopher M. McDermott
                                                       Attorney for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT

- 5 -      CASE NO. 19-52440-SLJ
**STIPULATION RE: TREATMENT OF CLAIM IN DEBTOR'S CHAPTER 11 PLAN**
Case: 19-52440   Doc# 83   Filed: 03/03/21   Entered: 03/03/21 15:00:43   Page 5 of 5